A COMPLAINT UNDER THE CIVIL RIGHTS OF INSTITUTIONALIZED PERSONS ACT
42 U.S.C. § 1997

AndRe d. Coleman

196583

Inmate (DOC) Number

RECEIVED

DEC 1 0 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

(Enter above the full name of each
plaintiff in this action.)

VERSUS

ELAYn Hunt CorrectionAl Center

dixon CoRRectionAl Center

SecRetaRy of State

GoveRnoR

(Enter above the full name of each
defendant in this action.)

ORAL ARGUMENT

Instructions for Filing Complaint by Prisoners
Under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997

This packet includes two copies of a complaint form and copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in Part III of the complaint **exactly the same.** In order for this complaint to be filed, it must be accompanied by the filing fee of $250.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your

inmate account. If the pauper status is granted, you will be required
to pay an initial partial filing fee and thereafter, prison officials
shall be ordered to forward monthly payments from your inmate account
the entire filing fee is paid.

    You will note that you are required to give facts. THIS COMPLAINT
SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, <u>DO NOT INCLUDE
EXHIBITS.</u>

I.  Previous Lawsuits

    A) Have you begun other lawsuits in state or federal court dealing
       with the same facts involved in this action or otherwise relating
       to your imprisonment? Yes (X) No ( )

    B) If your answer to A is yes, describe each lawsuit in the space
       below. (If there is more than one lawsuit, describe the additional
       lawsuits on another piece of paper, using the same outline.)

       D) Parties to this previous lawsuit
          Plaintiff(s): _Andre d. Coleman_____

          Defendants(s): _Louis BROWN, Attorney Albert_
          _Bensabat III, Attorney Ravi G. Shah_____

       E) Court (if federal court, name the district; if state court,
          name the parish) _Tangipahoa Parish_____
       F) Docket number: _C-2025000 2474_____
       G) Name of judge to whom case was assigned: _Honorable_____
          _William DYKES_____
       H) Disposition (for example: Was the case dismissed? Was it
          appealed? Is it still pending?):_____
          _____
       I) Date of filing lawsuit: _July 29 2025  2:56 PM_____
       J) Date of disposition:_____

    C) Have you had any previously filed federal lawsuits or appeals,
       whether or not related to the issues raised in this complaint,
       dismissed by any federal court as frivolous, malicious, or for
       failure to state a claim for which relief can be granted?
          Yes ( ) No (X)

       If your answer is yes, list the civil action numbers and disposition
       of each case. You must identify in which federal district or appellate
       court the action was brought._____
       _____

II. Place of present confinement: _Elayn Hunt correctional center_
    A) Is there a prisoner grievance procedure in this institution?
       Yes (X) No ( )

B) Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (X) No (  )

C) If your answer is Yes:
1. Identify the administrative grievance procedure number(s) in which the claims were raised in this complaint were addressed.   *EHCC-2024-268, EHCC-2024-492, EHCC-2024-625, EHCC-2025-172, EHCC-2023-198, EHCC-2023-059*
2. What steps did you take?   *Step 2*

3. What was the result?   *higher official Justified his Action and Justified his staff and subordinates Action*

D) If your answer is No, explain why not:_____
_____

C) Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
Yes (  ) No (X)

If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g. frivolity malice, failure to state a claim, defendants immune from relief sought, etc.).
_____
_____

II. A.)   **Name of institution and address of current place of confinement:** *Elayn Hunt Correctional Center PO Box 174, 6925 Hwy 74 St. Gabriel LA 70776*

B)   Is there a prison grievance procedure in this institution?
Yes (X) No (  )

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?
Yes (X) No (  )
If Yes, what is the Administrative Remedy Procedure number? *EHCC-2024-268*

2. If you did not file an administrative grievance, explain why you have not done so. _____
_____

3. If you filed an administrative grievance, answer the following question.
What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 2 of the administrative grievance procedure by appealing to the Secretary of the Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the Warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?) *plaintiff use all steps in the*

gRievance pRocedure. plaintiff appeal the adverse decision to step 2 by appealing to the secretary of the department of public safety and correction.
Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

## III. Parties to Current Lawsuit:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A) Name of Plaintiff(s) Andre d. Coleman
   Address: PO Box 174, 6925 Hwy 74 St. Gabriel LA 70776

B) Defendant Warden - Keitho turner _____ is employed as
   Warden _____ at Elayn Hunt Correctional Center

C) Additional Defendants: warden - walter Jarrell, warden - white, warden - donnie Bordelon, depity warden - chad darbonne, assistance warden - donald Johnson, depity warden - Stephanie Michel, medical warden - Sheil Robinson, warden designee - Tiffany Prevost, warden designee - Lt. col. credit, EHCC Attorney - GregoRy d. palozoia,

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not include any legal arguments or cite any cases or statutes**. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) State the FACTS of your case. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. You are NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.** 1. ARRiving at Elayn Hunt correctional on the 3-22-21 plaintiff was place in the Beavers cells A.R. d.c. for 11 months being force to be expose to second hand dryed out kayak Tabacco smoke, mojo drug chemical smoke, meth, Fentanyl smoke, Heroin, toilet paper smoke, cocaine, mariJuana smoke causing plaintiff nose, head, stamach, throat, chest, eyes, ears, Body pain and damage, numbness of the head, Respiratory problems, impaired Judgement, memory loss, Burning Itchy skin, dizzyness, problems swallowering, helplessness, sinus, allergie problems, sneezing, High fever, Recklessness, nauseation problems, delusion problems, Burning IRRitated eyes, nose, throat, long term headace daily, fainting, Body Rashs, vomiting and Coughing. 2. ARRiving at Elayn Hunt correctional center on the 3-22-21 plaintiff was expose to Elayn Hunt correctional center staff on unit-3 Beavers cell housing area staff selling drugs, cellular

phones, knifes, sex, food on Cash Apps to inmates or prisoners causing death and drug Rico Violents. 3. Arriving at Elayn Hunt Correctional center on the 3-22-21 plaintiff was stabb with a knife over 25 times while sleeping in a cell that staff open for pill call. 4. Arriving at Elayn Hunt Correctional center on the 3-22-21 plaintiff was expose to very high heat tempertures with a heat and ventilation system that is contaminated

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

1. plaintiff is asking for the appropiate charges to be place on all defendant's that is found guiity of the allegation in this matter. 2. plaintiff is asking the court to have property and funds taken by dishonesty, fraud, theft, deceit, duress,

## VI. Plaintiff's Declaration

A) I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B) I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this 3 day of december , 2025 .

196583
Prisoner No. (Louisiana Department of
Corrections or Federal Bureau of Prisons

Andre d. Coleman
Signature of Plaintiff

IV. Statement of claim - Claim 4. Continue with Black mod and fiberglass liner which is hazardous to health and aggravated plaintiff sinus, and defendant's did nothing when notified to clean or vacuum the gates.

5. Arriving at Elayn Hunt Correctional center on the 3-22-21 mental Health staff failure to lack of mental health screening on intake, failure to lack of treatment, failure to follow up inmate with known or suspected mental disorders, failure to hospitalize inmates whose conditions can't adequately be treated in prison, failure to train correctional staff to deal with mentally ill prisoners, failure to separate severely mentally ill from the mentally healthy, failure at lack of adequate cand qualified staff.

6. Arriving at Elayn Hunt Correctional center on the 3-22-21 staff expose plaintiff to the use of chemical agents against prisoners with mental illnesses who didn't engage in disruptive behavior, they were only bystanders!

7. Arriving at Elayn Hunt Correctional Center on the 3-22-21 plaintiff was force in the unit-3 Beavers cells 24 hours a day, 7 days a week being denial legal assistance, Legal supplies, not providing adequate law library, denial of court access, telephone calls, Recreation, failure to provide adequate protection against assault by other inmates.

8. Arriving at Elayn Hunt Correctional Center on the 3-22-21 staff expose plaintiff to infectious dieases by placing HIV, Aids, Hepatitis-C, tuberculosis, staphylococcus infected inmates or prisoners in the cell with plaintiff with out plaintiff knowings or consent.

IV. Statement of Claim - Claim 9. Continue

9. Arriving at Elayn Hunt Correctional Center on the 3-22-21 staff expose plaintiff to mental ill bystanders who have been expose to chemical agents not being allowed a reasonable opportunity for decontamination or showering after being expose to chemical agents.

10. Arriving at Elayn Hunt Correctional Center on the 3-22-21 staff fail to control tools or other items that can be use as weapons, including pieces of a dilapidated building, fail to maintain locks in working order, fail to take corrective action in response to high rates of assault or to particular patterns of assault, failure of overcrowding, placing of inmates in positions of supervisory or disciplinary authority over other inmates, over reliance on open dormitory housing.

11. Arriving at Elayn Hunt Correctional Center on the 3-22-21 medical staff expose plaintiff to failure to give necessary medication, prescribing inappropriate medication, failing to perform appropriate diagnostic tests, delaying examination and treatment, failure to see that you receive care that have been ordered. The system's fail to get plaintiff to medical staff for diagnosis and treatment.

12. Arriving at Elayn Hunt Correctional Center on 3-22-21 medical staff fail to conduct an adequate examination, fail to ask necessary questions or take a history, fail to conduct tests that the plaintiff symptoms call for, fail by having personnel that may simply lack medical qualifications or training, denied access to medical personnel with the necessary specialized

IV. Statement of Claim - Claim 1a. Continue

expertise, staff so inadequate that medical staff
lack the time to do their Jobs, facilities and
procedures that do not allow for proper diagnosis and
treatment, and rules or policies. Restricting Medical
care on grounds unrelated to the plaintiff medical needs.

13. Arriving at Elayn Hunt Correctional center on the
3-22-21 staff force expose plaintiff to extreme outdoor
weather condition while sleeping in cells, dormitories,
or in any living or sleeping housing Area.

14. After plaintiff was stabb over as times while
sleeping in Beaver-1 unit-3 cell staff Retaliated
on plaintiff due to plaintiff trying to bring legal
action on staff, by giving plaintiff false disciplinary
or incident Report, and by using other inmates to
violently retaliate on plaintiff. Staff use all type of
interference methods, because plaintiff attempted
to bring or pursue legal action on staff.

15. Retaliation from staff, and interference from staff
cause plaintiff to use, or engage in protected conduct.
action was taken on plaintiff that would deter
a person of ordinary firmness from continuing to
engage in that conduct. plaintiff have the Right to
be free from interference of court access. plaintiff
have the Right to be free from Retaliation for
using the court system.

16. The defendant's participated directly or indirectly
in the alleged constitutional violation. The defendant's,
after being informed of the violation through a
Report, grievance, complaint or appeal staff fail to
Remedy the wrong. The defendant's created a

IV. Statement of Claim-  Claim 16. Continue policy or Custom under which unconstitutional practices occurred, or allowed to Continuance of Such a policy or Custom. The defendant's was grossly negligent in supervising subordinates who committed the wrongful acts, or The defendant's exhibited deliberate indifference to the Rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. The defendant's use Tacit authorization methods.

17. The higher officials fail to Train, instruct or supervise their subordinates. The higher officials fail to promulgate policies to guide subordinates conduct.

18. Elayn Hunt Correctional Center video camera surveilane in all Cells, dormitorys or living housing area will show all the evidence of abuse and neglect of all inmates or prisoners.

19. Elayn Hunt Correctional Center staff introduce kayak Tobacco, dangerous chemical substance, dangerous drug substance, Contraband in a state facility then want to implement stringent measures to enforce intoxication, smoking policies with disciplinary Action and sanction on inmates or prisoners. this is call extortion, exploitation, drug Racketeering, malfeasance in office, money laundering, solicitation, drug violents with murder. ARP EHCC-2024-268 first step Response.

20. Arriving at Elayn Hunt Correctional center on the 3-22-21 plaintiff Witness unit-3 Beavers staff members: Warden-Bo Johnson, Warden-Walter Jarrell, Captain-Chapman, Colonel-lane,

IV. Statement of claim- Claim 20. Continue Lieutenant-Georgetown, Lieutenant-fisher, and other unnone staff participating directly or indirectly in selling inmates or prisoners danagerous chemical substances, danagerous drug substances, Contraband knifes, cellular phones, sex or cash App's.

21. Being house at dixon Correctional center on the 1-3-22 dcI mental health staff and Correctional staff force plaintiff into a cell for 11 months denying plaintiff telephone calls, mailing stamps, envelopes, TV, food, water, clothing, Boxers, toilet paper, tooth paste, communication, Attorney calls, Medication, Legal assistance, Law library, sick call, and when girl friend michelle parker call dcI staff to see why plaintiff was denied telephone calls, dcI staff gave michelle parker false information.

22. dcI-mental health staff and Correctional staff place prisoner Robert mosley that is infected with HIV, Aids, and Hepatitis-c in the cell with plaintiff, exposing plaintiff to serious health risks and cruel conditions, with prisoner Robert mosley asking plaintiff to have man to man sex with him daily or sexually harassing plaintiff. prison officials have an obligation to protect prisoners from the risk of infectious diseases, courts have held that prisons and jails are obliged to conduct intake examinations for this purpose.

23. dcI-mental health staff and Correctional staff place prisoner Jayson bynum #512997 that is dieing from stomach cancer in the cell with plaintiff, exposing plaintiff to serious health risks and cruel conditions,

IV. Statement of Claim- Claim 23. Continue
When the prisoner had human waste or raw sewage
coming from his body uncontrolablely everyday, allday
leaving human waste or raw sewage all over the cell
and toilet daily.

24. DCI- mental Health staff and Correctional staff place many
mental Health prisoners in the cell with plaintiff that was
being force abuse, force neglect, force medicated,
due to disabilities, uneducation, and no help resource.
plaintiff seen DCI Dr. soong and mental Health director
James devall physically and mentally abuse large
amount of inmates or prisoners.

25. DCI- mental Health staff and Correctional staff use
prolonged force segregation to force medicate, force
abuse, force neglect, force isolate mental Health
inmates or prisoners.

26. DCI- mental Health staff and Correctional staff use
malicious and sadistis use of force with chemical agents
on mental Health bystanders, regular prisoner bystanders,
without giving these prisoners a chance to decontaminate
or shower.

27. DCI- mental Health staff and Correctional staff
use prolonged idleness and deprivation of basic
prison needs to inflict pain and suffering, serious
psychological physical and mental pain, force abuse,
force neglect, mental and physical injuries on
mental Health inmates or prisoners

28. DCI- mental Health staff and Correctional staff
use deprivation of basis prison needs of food,
clothing, personal hygiene, meaningful activities,
poor sanitation, toilet paper, Recreation, TV,

IV. Statement of Claim - Claim 28. Continue
Boxers, Telephone, Water, Medication to force abuse,
force neglect, and force Isolate mental Health Inmates
or prisoners.

29. dcI- mental Health staff and Correctional staff use
Kayak tobacco sales, drug sales by staff in store
canteen and on cash app's to cause deaths, drug
violents, Respiratory problems, sinus allergic problems,
on mental Health inmates, and Regular inmates.

30. dcI- mental Health staff and Correctional staff fail
to separate severly mentally ill inmates from the
mentally healthy on intake causing physical abuse and
mental abuse of the mentally ill by staff and other
inmates or prisoners.

31. dcI- mental Health staff and Correctional staff
allow mental Health dr. soong to state to plaintiff
that if plaintiff complain, file Reports, complaints, to
anyone about being force Abuse, force Neglect, force
Isolated, force medicated no one will beleive
plaintiff, because plaintiff is a inmate or prisoner,
and that the people that plaintiff will be complaining
to will beleive a doctor that have been working
in the medical field for a long period of time,
before they will beleive a inmate or prisoner. this
happen when dr. soong Isolated plaintiff in a
segregation cell with other mental Health inmates
or prisoners, and plaintiff was force to Attend a
mental Health doctor appointment with dr. soong
and mental Health director James devall.

32. dcI- mental Health staff and Correctional staff
ship plaintiff to Elayn Hunt Correctional Center

IV. Statement of Claim- Claim 32. Continue on the 10-3-22, and stolen all plaintiff personal property and Court legal documents, Retaliating, and interfering with Court access, tampering with evidence with the specific intent of distorting the Results of an Criminal investigation or proceeding which may Reasonably prove Relevant to a Criminal investigation or proceeding. Tampering with evidence shall be unlawfull and constitute for a peace officer, deputy sheriff, police officer, Correctional officer to tamper with evidence, or intentional alteration, movement, Removal knowingly having a good Reason to believe that such objector substance will be the subject of an investigation by state, local, or federal law enforcement officers.

33. All dcI mental Health staff and Correctional staff defendant's participated directly or indirectly in the alleged Constitutional Violation, the defendant's, after being informed of the violation through a report or appeal, failed to Remedy the wrong, the defendant's created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, the defendant's was grossly negligent in supervising subordinates who committed the wrongfull acts, the defendant's exhibited deliberate indifference to the Rights of inmates by failing to act on information indicating that unconstitutional act were occurring.

34. dixon Correctional staff and mental Health staff, Elayn Hunt Correctional staff and mental Health staff both intentionally Refuse or fail to perform some duties lawfully Required of them, as such

**IV.** Statement of Claim- Claim 34. Continue

Officers or employee, both intentionally or fail to perform some such duties in an unlawful manner, both knowingly permitted other public officers or employees, under their authority, to intentionally refuse or fail to perform some duties lawfully required of them or to perform some duties in an unlawful manner.

35. dcI-Mental Health dr. soong and Mental Health director James devall force place plaintiff in segregation lockup Without plaintiff having any behavioral problems, disciplinary problems, disciplinary incident Reports, or behavioral incident Reports, And with plaintiff Confine to a wheel Chair. plaintiff Legs Completely stop Working with head damage 12 months earlyer from a gun shot wound to the Right side of the ear and head. Jail staff and prison staff fail or Refuse to treat plaintiff physical and Mental disabilities. dr. soong stated to plaintiff that he would like to see how plaintiff would. React on mental Health medication, even if the medication did not agree with plaintiff Body and Cause damage. plaintiff experience seeing large amount of inmates or prisoners being force place in segregation lockup by mental Health dr. soong and mental Health director James devall that was Abuse, damage, neglect with force medication and force segregation lockup, due to disabilities, uneducation, and no help Resource.

36. dcI-mental Health dr. soong and mental Health director James devall transfer plaintiff

IV. Statement of Claim - Claim 36. Continue
on the 10-3-22 back to Elayn Hunt Correctional Center
mental Health Hospital HSU segregation lockup without
any of plaintiff personal property, and Court Legal
documents. plaintiff went through all prison Legal steps
to Recover plaintiff personal property and Court Legal
documents, but dcI staff Refuse, fail to give plaintiff
any of his personal property and Court legal documents
as of today.

37. EHCC - mental Health dr. fleming force plaintiff to be
house in mental Health segregation Lockup HSU for
11 months, after complaining to mental Health dr.
fleming that plaintiff was force place in mental Health
segregation lockup by dcI mental Health dr. soong and
mental Health director James devall without any
behavioral problems, disciplinary problems, behavioral
incident Reports, or disciplinary incident Reports.
dr. fleming only said that is great.

38. plaintiff ask EHCC wardens, mental Health dr.
fleming, mental Health social workers, mental
Health Counsels, Correctional for his personal
property, and Court Legal documents they all
fail or Refuse to give plaintiff his personal
property, and Court Legal documents.

39. While in EHCC mental Health segregation Lockup
HSU plaintiff was not allow to watch TV,
Recreation, Contact with other Inmates,
Restraints on when ever leaving the Cell, no
personal property or clothing. plaintiff was
force not to watch TV for 24 months by dcI
mental Health staff and EHCC mental Health

IV. Statement of Claim- Claim 39. Continue
Staff.

40). After FHCC Mental Health dr. fleming house plaintiff
in Hsu-1 segregation lockup for 11 month. plaintiff
was move to Fox-1 Hsu segregation lockup dormitory.
In Fox-1 Hsu segregation lockup dormitory plaintiff
was expose to very extreme high heat temperatures,
large amount of second hand Kayak Tobacco smoke,
mojo drug chemical smoke, Body Rashs, Bed Bugs,
Contaminated water and food, physical and Mental
abuse by young male mental Health inmates, extortion,
and sexually abuse, and sexually harassment by
young male mental Health inmates, no Recreation,
no Law library or Regular library, Living in outside
Weather condition, seeing mental Health inmates
Kill, force Medicated, over force Medicated, Abuse,
neglect, chemical agents abuse by staff. exposure
to large amount of Roachs, Rats in the dormitory,
seeing mental Health inmates not shower at all,
not change clothing, inmates Bed Blanket and sheets
Black dirty, inmates walking around with human
waste and urine on them daily. These mental
Health inmates was being kill, mentally and physically
abuse, neglect because of their disabilities,
uneducation, and no help Resource. These mental
Health inmates was abusing each other sexually,
physically and emotionally due to neglect, shortness
of staff, untrain correctional staff, social
workers, or counsels neglect or shortage of
mental Health staff, or untrain mental
Health staff.

IV. Statement of Claim - Claim 4. Continue

4. While in Fox-1 that segregation dormitory, plaintiff was place in unit-1 d-1 c-side Mental Health segregation many times. This unit's full of large amount roaches, and rats, the hallway floors, chairs or stair up, with raw sewage coming up out of it daily, the beds bolted to the walls, or damage, it is extremely hot, with no air or ventilation, with chemical agents being sprayed exposing bystanding Mental Health inmates to chemical agents, there are no vids surveillance camera on the hallways to protect the mental health inmates like on other tiers, there are no TV on the walls for mental Health inmates in the cells to watch. The walls, floors, fans, toilets, clothing, sheets, Blankets is contaminated with the smell of chemical agents. Plaintiff felt like he was going to die in this unit many times. Plaintiff hair started to fall out, skin was burning, peeling off, Rubbing off, eyes, eyes nose burning, sinus got damage. plaintiff seen EMC correctional staff many times spray them with chemical agents many times, affecting all mental Health inmates on this unit. This is done to Regular inmates, and mental Health inmates on this c-side unit, because there is no vids surveillance camera the Re. whenever plaintiff was place in this unit correctional staff and mental Health staff stolen plaintiff personal property and court legal documents Retaliating on plaintiff and

IV. Statement of Claim - Claim 41. Continue interfering with Court access on plaintiff, due plaintiff attempting to bring or pursueing legal action on staff.

42. EHCC - Mental Health Dr. fleming force plaintiff to be place in Fox-1 Hsu segregation lockup dormitory for 4 years, until plaintiff was put out, because plaintiff continue to attempt to bring or pursue legal action on Mental Health staff and Correctional staff for their physical and mental abuse.

43. After being force place in Mental Health segregation lockup cells, and dormitory for 4 years denying plaintiff of personal property, court legal document, TV, Recreation, law library, Regular library, store Canteen, legal assistance, Clothing, legal supplies, access to Court, toilet paper, tooth paste, tooth brush, shoes, food, Water, telephone, Communication, Visits, Medical treatment, Mental Health treatment, Medications, safe and normal air to breathe, showers mental Health staff and Correctional staff place plaintiff in Fox-3 unit-2 dormitory and then golf-1 unit-1 dormitory. these dormitories and others are full of drug users smoking Kayak Tobacco, Mojo drug chemical, meth, Fentanyl, Heroin, paper chemical agents, Counterfeit drug, Cocaine, Marijuana, exposing none smokers to their second hand smoke, many of these inmates have died while using. Correctional staff sits and walks around in the dormitories while inmates are using these drug, because the drug come from staff. Correctional staff and Medical staff sell inmates drugs, cellular phones, sex, knifes, food on Cash app's or give inmates these items to perform

IV. Statement of Claim- Claim 43. Continue 1.

Some type of work that other inmates do not want to do, or can not do. These Black Female Correctional staff some times bring these Contrabands items into prison doors in their Butts, and virgina's to family members, Neighborhood friends, Relatives, boy friends, girl friends, or someone they think they can trust. This second hand Tobacco, and drug smoke have damage plaintiff Respiratory system, sinus, throat, head and other parts of plaintiff Body, with future damage unnone. Correctional staff, and Medical staff are only Concern about the money that is made off these Contrabands. plaintiff have witness large amount of inmates or prisoners deaths, over doses, violent attacks, on staff and inmates, drug violents, sicknesses, kills, because of these drugs. These drug activities is a allday thing and a every day thing. Some inmates or prisoners Complain on Reports, Complaints, grivences, or to news Reporters, but Elayn Hunt Correctional staff and Medical staff keep Continuing the drug selling, drug violents, drug death, drug sicknessess. Even after family members, Love one's, Relatives, TV station Reporters, local people in the Community Complain on the news stations weekly, Nothing is done to fix the problems, higher authorities will not do any to fix the problems, they ock like it is not happening or fail or Refuse to fix their Mistakes. Inmates or prisoners have Been kill are being kill by the hands of Elayn Hunt Correctional staff and Medical staff with the sells of danagerous drugs and kayak Tobacco to inmates or prisoners weekly

IV. statement of claim- Claim 43. Continue 2.
plaintiff is a witness that have witness these large
amount of deaths.

44. The dormitories beds, locker Boxes are damage, full
of roachs, Rust, fleas, Bed Bugs Causing diseases,
because the dormitories are over crowded with Beds
2 feet apart with locker Boxes inches apart from each
Bed.

45. The crowded dormitories are full of extremely hot
heat tempertures with no Ventilation or air Conditioning
to kill the germs from Bugs, over crowdedness,
sicknesses, Rust, mildew or any infectionous
diseases.

46. The crowded dormitories are house with inmates
or prisoners with HIV, Aids, hepatitis-c, Tuberculosis,
and other infectionous diseases; these sick, ill,
unhealthy inmates are not separated from the
healthy inmates. they are place in crowded dormitories
causing serious health Risks to the healthy. this
prison and dormitories are 90% Black inmates that
have family past abuse, neglect, and damage, the
past continue to day with the same group of people
with the same abuse, neglect and damage. The past
family members have cryed for help many ways
for many years. Today their childrens are crying
for help many ways. please! help make that past
and future change that is over due.

47. plaintiff witness and experience EHCC high Ranking
staff members and administrative staff
members steal prison state funds and inmates
Banking funds causing abuse, neglect

IV. statement of Claim- Claim 48. Continue 1.

48. Plaintiff wrote many A.R.P.'s, Reports, Complaints, to the Warden's Office about Elam Hunt Correctional Center staff Misconduct. The A.R.P. Screening officers MSGT. d. Williams, Lt. Col. Credit and other unnone A.R.P. Screening officers answer A.R.P.'s, but mail back to plaintiff a offender Relief Request form Response whether the A.R.P. was accepted or Rejected with no incident dates on it. All A.R.P.'s that plaintiff wrote to the Warden's office have incident dates on them, but the Warden's office and screening officers fail or Refuse to put incident dates on the Response from staff. plaintiff wrote a A.R.P. to staff complaining to staff that the offender Relief Request forms Response do not have a incident dates on them, so plaintiff will know what A.R.P. was accepted or Rejected. EHCC staff members fail or Refuse to stop their misconduct. It does not matter how many A.R.P.'s plaintiff write to the Warden's office concerning their corruption, dishonesty, fraud, deceit, evidence tampering, Rico-drug activities, deaths, killings, Rico-drug violents, and others. EHCC staff members continue their recklessness behavior. These are some of the A.R.P.'s dates that A.R.P.'s was wrote to the Warden's office, but the offender Relief Request forms Response to accepted or Rejected did not have a incident date on them. EHCC staff members have stolen plaintiff personal property, court Legal documents, and A.R.P.'s Legal papers many times to interfer and Retaliate against plaintiff for attempting or pursuing

**IV.** Statement of Claim-    Claim #8. Continue 2.

legal Act. EHCC staff members use the Color of State
Law for their Corruption, and to Continue their
Corruption. plaintiff is accusing and alleging that
EHCC staff members have and Continue to Tamper
with evidence with the specific intent of distorting
the Results of an civil and criminal investigation OR
proceeding which may Reasonably prove Relevant to a
Civil OR Criminal investigation OR proceedings, including
the intentional alteration, movement, Removal, using
OR threatening force toward the person OR property of
another with the specific intent to Cause OR induce
the withholding of testimony OR withholding of Records,
documents, OR other Object from an civil OR
criminal proceeding.

plaintiff is introducing some of the dates that
A.R.P.'s was wrote but not properly answer by EHCC
Warden's office and A.R.P. screening officers.
4-8-2023, 4-3-2023, 3-19-2025 to 3-21-2025, 7-11-2023,
11-21-2024 to 12-2-2024, 11-24-2024, 11-22-2024,
11-21-2024, 11-12-2024 to 11-20-2024, 11-13-2024,
11-5-2024 to 11-11-2024, 11-1-2024 to 11-4-2024,
9-29-2024, 9-12-2024, 9-20-2024 to 9-22-2024,
8-23-2024 to 8-25-2024, 3-22-2021 to 9-19-2024,
4-4-2024, 4-12-2024, 10-6-2024, 10-21-2024,
10-23-2024, 10-24-2024, 10-25-2024, 10-26-2024,
10-28-2024, 10-31-2024, 8-5-2024, 8-12-2024,
6-3-2025 to 8-18-2025, 6-10-2025 to 8-28-2025,
8-24-2025, 5-24-2025, 7-1-2022, 2-10-2025,
2-11-2025, 2-7-2025, 1-2-2025, 3-19-2025,
4-3-2023, 4-7-2023, 4-25-2023, 5-5-2023,

IV. Statement of Claim- Claim 48. Continue 3.

2-28-2023, 3-1-2023, 3-10-2023, 4-1-2023,
3-15-2023, 5-25-2023, 5-24-2023, 5-20-2023,
5-19-2023, 5-18-2025, 2-7-2025, 2-8-2025,
2-9-2025, 2-10-2025, 2-11-2025, 2-12-2025,
2-15-2025, 2-17-2025, 2-3-2025, 2-4-2025,
2-19-2025, 2-25-2025, 2-22-2025, 2-17-2025,
2-19-2025, 5-25-2025, 5-26-2025, 5-27-2025,
1-9-2025, 1-10-2025, 1-6-2025, 1-7-2025,
1-12-2025, 1-13-2025, 1-11-2025, 1-2-2025,
1-15-2025, 1-16-2025, 1-14-2025, 1-17-2025,
1-19-2025, 1-22-2025

49. EHCC-staff members and dCI-staff members intentionally refuse or fail to perform any duty Lawfully Required of them, as such officer or employee, they intentionally perform any such duty in an unlawful manner, they knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty Lawfully Required of him, or to perform any such duty in an unlawful manner.

50. EHCC-staff members and dCI-staff members use the communication of threats to another with the intention thereby to obtain things, property of value, and use threats to do unlawful injuries to the person or property of the individual threatened.

51. EHCC-staff members and dCI-staff members use the misappropriation of taking things of value which belong to another without the consent, with the intent to deprive the other

IV. Statement of Claim- Claim 48. Continue 4.
10-15-25, 9-24-25, 10-18-25, 10-19-25,
11-26-25, 10-17-25, 6-9-25, 2-28-25, 12-1-25,
12-2-25, 9-22-25, 9-25-25

IV. Statement of Claim - Claim 51. Continue
permanently of whatever maybe subject of the
misappropriation or taking.

52. plaintiff is accusing EHCC-staff members and dCT-
staff members of theft of the property, assets of
an aged person or disabled person, without his
authorization or consent

53. EHCC-staff members are involved in Controband
activities and criminal drug activities on cash
app's with the use of transaction involving
proceeds known to be derived from criminal
activities, when the transaction is designed in
whole or inpart to conceal or disguise the
nature, location, source, ownership, or the
control of proceeds know to be derived from
such violation or to avoid a transaction Reporting
Requirement under state or federal law.

54. plaintiff is accusing EHCC-staff members
and dCT-staff members of the intentional
damaging of property of a infirmed disable adult,
without the consent of the owner.

55. plaintiff is accusing EHCC-correctional staff
members and mental Health staff members
of allowing young healthymental Health inmates
and young Healthy Regular inmates committ
battery against an infirmed, disabled, or aged
person who is incapable of consenting to the
battery due to unsoundness of mind, stupor,
abnormal condition of the mind or other
mental or development disability, Regardless
of the age of the victim.

**IV.** Statement of Claim - Claim 56.

56. EHCC - correctional staff members and mental Health staff members allow inmate Eljerica Bartie 539158 to enter the infirmed disable adult cell and cause serious Bodily injury to plaintiff with a dangerous weapon, while plaintiff was sleep. serious Bodily injury meaning Bodily injury which involves unconsciousness, extreme physical pain, obvious disfigurement, impairment of the function of a Bodily member or a substantial Risk of death.

57. EHCC - medical staff members knowingly submitted false information for the purpose of obtaining authorization for furnishing services and merchandise, and knowingly submitted false information for the purpose of obtaining greater compensation than that to which he is legally entitled for furnishing services or merchandise.

58. EHCC - correctional staff members mental Health staff members and dCT - correctional staff members, mental Health staff members use the communication of threats to another with the intention thereby to obtain things of value, property, and committed unlawful injury to a infirmed disable adult.

59. EHCC - correctional staff members, mental Health staff members and dCT - correctional staff members, mental Health staff members engaged in the intentional use, consumption, conversion, management, taking of a age person or infirmed disabled person funds, assets, or property, which require consent or authorization.

III. Statement of Claim - Claim 60.

60. EHC - Correctional staff members, mental Health staff members, and dct - correctional staff members mental Health staff members allow a person of age, or infirmed disable adult to be physically insured, mentally insured, physically abuse, mentally abuse by regular young healthy inmates, by young healthy mental Health inmates then use long segregation time, idle segregation time that cause deprivation of liberty, court access, food, water, clothing, fresh nutratoia, law library, recreation, medical, medication, visits, communication, telephone calls, showers, TV. After plaintiff complain by reports A.R.P.s, complaints staff members use more facilts, attacks physical and mental abuse like Isolation, chemical agents, HIV, Aids, Hepatitis-C inmates place in the with the infirmed disable adult to be expose to infectious diseases, stealing of the infirmed disable adult personal property, court legal documents, and A.R.P. legal papers. The physical and mental abuse, neglect cause by staff and inmates for 4 years cause plaintiff as of now not to have the basic needs needed like deodorant, hair grease, lotion, tooth brush, tooth paste, proper clothing, proper shoes, funds, proper eyeglasses, proper recreation, telephone calls, visits, Family Communication, soap, tissue. even other waiting head staff. Office administration to help plaintiff with these basic needs, because plaintiff have no fund or have no way of getting any funds.

T.U. statement of claim - claim 61.

61. Ettcc-mental Health staff members, medical staff members, and Act-mental Health staff members, Refuse or denied plaintiff medical marisuana pills, or liquid treatment for a gun shot wound to the Right side of the head that happen in August of 2020, plaintiff have been being treated with this medical marisuana sense the incident happen, because no other medication would work for plaintiff head Trauma, head insudies, mental health, Panic Attacks, paralyze of the right side, and other sicknesses, this medical marisuana was authorized by North Oaks Medical doctors, primary dr. plunket, and pain and management dr. kidd of north Oaks hospital Hammond LA.

62. Ettcc-medical staff members denied or refuse to treat plaintiff vitamin d3 Immune deficiency disease. causing plaintiff Artherisis pain, head aches, skin damage, toe nail and finger nail damage, bone damage, teeth damage, Body pain, Pulk damage, Organ damage. plaintiff was diagnosed with a vitamin d3 Immune deficiency disease by plaintiff primary dr. plunket at north Oaks hospital Hammond LA. dr. plunket said to plaintiff that plaintiff will have to take vitamin d3 for the Rest of plaintiff Life, plaintiff vitamin d3 medication Ran out and Ettcc-medical staff members Refuse or fail to Refill plaintiff medication, After plaintiff have ask them many times verbally by complaints, Reports, plaintiff have been refuse and denied this medication with physical threats and verbal threats by

IV. Statement of Claim - Claim 62. Continue
EHCC - Medical staff Members, Correctional staff
members, and mental Health staff members.

63. plaintiff have wrote a large amount of A.R.p.s to ask
EHCC - correctional staff members, mental Health staff
members, medical staff members, and dCI - correctional
staff member, mental Health staff members, medical
staff members to change their misconduct, but
these staff members fail or refuse to change
their misconduct. these staff members have stolen
plaintiff personal property, court legal papers, legal
Books, A.R.p.'s legal papers many times retaliating
on plaintiff, interfering with court access. due
to EHCC - staff members and dCI - staff members
stealing plaintiff A.R.p.'s complaints many times.
Some of the A.R.p.'s that plaintiff wrote are
missing, and some of the A.R.p. Response from
staff with the case number on them are missing.
plaintiff is saying that over a hundred A.R.p.s
and A.R.p response from staff or missing from
the stealing of plaintiff personal property by staff.
plaintiff will be subpoenaing all missing documents
from EHCC - staff members and dCI - staff
members.

64. plaintiff is accusing EHCC - correctional staff
members, mental Health staff members, medical
staff members, and dCI - mental Health staff
members, correctional staff members, medical
staff members of many misconducts, many
failures, many issues, many problems. plaintiff
is saying that all vido surveillance camera

IV. Statement of Claim - Claim 64. Continue footage would prove many of plaintiff alleges, accuses, or actualization. plaintiff will be subpoening all vido surveillance camera footage from EHCC-staff members and dCI-staff members.

65. plaintiff is accusing EHCC-medical staff members, mental Health staff members, correctional staff members, and dCI-mental Health staff members, correctional staff members, medical staff members of many things envolving mental Health and Medical Treatments, untreatments, deaths, Killings, but medical files of many accidents will prove the alleges, accuses, or actualization. plaintiff will be subpeanaing all mental Health and Medical documents and Records to prove many allegations.

66. plaintiff Body scares, Body damage, mental Health damage, emotional damage from the Knife stabbing, physical assalts, inmates extortion, physical fights, from young Healthy Inmates are the evidence of the physical and mental damage that plaintiff Received while at EHCC and dCI.

67. EHcc-medical staff members Refuse or denied to give plaintiff a safex Beathing mask, after plaintiff have ask medical many times. plaintiff is force place in a dormitory or cell with second Hand drug smoke, and tobacco smoke causing plaintiff many sicknesses that EHcc-medical staff members can not treat, because plaintiff have Been force place into drug, tobacco smoke up dormitaries and cells. all dormitaries and cells that

IV. statement of claim - Claim 67. Continue

Plaintiff have Been house in are drug, tobacco, crack
houses, with large amount of dope heads, drug
users, crack heads, tobacco users that only want
to get high on drug by all means necessary. EHCC-
medical staff members Refuse or fail to give
plaintiff a safety Breathing mask to help stop
inhaling the second hand smoke.

68. plaintiff is accusing, alleging, placing actualzation
on all doctrine of Respondeats Superiors
that have participated directly or indirectly.
doctrine of Respondeats superiors means policy
creaters up to the governor office. The defendants
created a policy or custom under which
unconstitutional practices occurred, or
allowed the Continuance of such a policy or
custom. The defendants was grassly negligent
in supervising subordinates who committed
the wrongful acts, The defendants exhibited
deliberate indifference to the Rights of inmates
by failing to act on information indicating that
unconstitutional acts were occurring, The
defendants, after being informed of the Violation
through a Report or appeal, failed to Remedy
the wrong. higher officials fail or Refuse to
train or supervise their subordinates, they
fail to instruct or train their supervisers,
they fail to Respond to evidence of misconduct
by subordinates, higher officials fail or
Refuse to guide subordinates Conduct,
higher authority Knowning permitted other

IV. Statement of claim - Claim 68. Continue public officers or public employees under his authority to intentionally Refuse or fail to perform any duty lawfully Required of him or to perform any such duty in an unlawful manner. systemic deficiencies in staffing, facilities, or procedures made unnecessary suffering damaging, hurtful, unlawful, injuring to prisoners and their family members, higher Officials use agreements or combination of two or more entities or person for the specific purpose of violating prisoners constitution Rights, and committing crimes on prisoners and their familys.

68. Plaintiff is accusing EHCC-staff members of drug organized crimes, money laundering, conspiracy, solicitation, intimidation, extortion, exploitation, cruelty to the infirmed, exploitation of the infirmed, fraud, theft, criminal misconduct, coercing, with deaths of disable prisoners and Regular prisoners by selling of illegal and dangerous substances to disable control drug dangerous prisoners that staff prisoners and Regular prisoners that staff get paid to protect, plaintiff is accusing EHCC-staff members of receiving federal funds for disable drug schools, programs, treatments for disable drug using prisoners, and Regular drug using prisoners. The federal funds, schools, programs, treatments will not work if EHCC-staff members continue to sell drugs to prisoners, EHCC-staff members should be persecuted for the misuse of federal

IV. Statement of claim - Claim 69. Continue funds, abuse of federal funds, theft of federal funds, fraud of federal funds, abuse of prisoners with federal funds.

70. EHCC-Staff members selling inmates or prisoners drug and receiving federal funds for schools, programs, and treatments. Means the federal government is part of the organize crime, they are partnership, associated, a group, an enterprise, an entity. Plaintiff is asking the federal government to charge EHCC staff members some fines, sanctions, interest fee's, fraud fee's, cancer federal funds, cancer all partnership with all jails and prisons that allow their staff members to sell inmates or prisoners drugs and contrabands.

71. EHCC and DCI Medical staff members and mental Health staff members acts or statements of prison personnel directly demonstrate an indifferent or hostile attitude toward prisoners medical needs, and mental Health needs by denial or delay of access to treatments, denial of access to medical personnel and mental Health personnel qualified to exercise judgment about a particular medical problems, and mental Health problems, failure to inquire into essential facts that are necessary to make a professional judgment, interference with medical judgment and mental Health judgment by factors unrelated to prisoners medical needs and mental Health needs, failure to carry out medical orders and mental Health orders, failure to have held medical examinations

IV. Statement of Claim - Claim 71. Continue and mental Health examinations on intake, at least for the purpose of identifying persons with communicable diseases or immediate medical problems, failure to maintain a Reasonably complete and organized system of medical Records and mental Health Records or the purposeful destruction of or tampering with medical Records and mental Health Records, failure for prisoners to have access to their own medical Records and mental Health Records, failure to hospitalize inmates whose Conditions cannot adequately be treated in prison, gross departures from professional standards in treatment, failure to follow up inmates with known or suspected mental disorders and medical sicknesses, failure to separate severely mentally ill inmates from the mentally healthy, mixing mentally ill inmates with those who are not mentally ill, housing mentally ill prisoner under Condition of extreme isolation, failure to protect prisoners from the Risk of infectious dieases Aids, HiV, Hepatitic-c, Tuberculosis, bacteria infectious

72. plaintiff is accusing EHcc disciplinary court staff members of forgeing fraudulent unnone inmate counsel name and doc numbers on disciplinary Reports.

73. plaintiff is Accusing EHcc disciplinary court staff members of Sentencing a infirm disable adult to time in disciplinary lock-up without

IV. Statement of Claim - Claim 73. Continue the infirm disable adult attending or going to disciplinary Court.

74. Plaintiff is accusing EHCC staff members of fileing fraudulent disciplinary Reports on the infirm disable adult.

75. Plaintiff is accusing EHCC Ranking staff members of not answering all ARP's concerning drug Relative activities.

76. Plaintiff is accusing EHCC medical staff members of not answering all medical treatment Requests concerning being expose to large amount of mojo chemical drug smoke, Tobacco smoke, cocaine smoke, heroin smoke, fentanyl smoke, meth smoke in the dormatorys and cells.

77. Plaintiff is accusing EHCC Black female staff members of having sex and Babys with male inmates, being fired for it, and staff hiring the Black female staff member Back.

78. Plaintiff is accusing EHCC Black females staff members in the dormatorys and cells of bring drug contraband into the dormatorys and cells giving the contraband to male inmates that are Relative, friends or inmates that they are in a Relationship with.

79. Plaintiff is accusing all defendants of using color of state law, preliminary injuction Relief, prison protective orders, Temporary Restraining orders that all ways expire to continue the drug Racketeering violence activities, the inmate drug over doses, the inmate drug killings,

IV. Statement of claim - Claim 79. Continue the drug selling by staff members, the medical malpractice, the mental Health abuse and neglect by mental health staff members, the extortion, the theft by staff members, the forgery by staff members, the abuse to the infirm, the malfeasance in office, cruelty to the infirm, negligent injuring, Battery of the infirm, exploitation of the infirm, solicitation of the infirm, criminal negligence

80. plaintiff is accusing the defendant of acting intentionally or purposefully to deprive the plaintiff of his Rights, the defendant acted in Reckless disregard of or with callous indifference to the plaintiff Rights, the defendant carried out unlawful activities with unnecessary harshness, or abused his official power, or took unfair advantage of the plaintiff.

I. Continue - second lawsuit

   D) parties to this previous lawsuit

      plaintiff: Andre d Coleman

      defendant's: Louis Brown, Attorney Albert

      Bensabat III, Attorney Bavi G. Shah

   E) Court: Tangipahoa parish

   F) docket number:

   G) name of Judge to whom case was assigned:

   H) disposition: still pending

   I) date of filing lawsuit

   J) date of disposition:

II. B) 3. Continue

The Result of appealing to the secretary of the department of public safety and Correction he Justified his action as a higher official, and Justified his staff and subordinates action by using the Color of state law to introduce Kayak tobacco substance, dangerous chemical substance, dangerous drug substance, contraband, Knifes, Cellular phones, Sex on Cash app's to inmates or prisoners, After laws, Rules, policies stated that no person shall introduce Contraband into or upon the ground of state Correctional institution, no person shall possess Contraband upon the grounds of any state Correctional institutional, no person shall send Contraband to or from any state Correctional institution, offenders and staff are prohibited from smoking in any state vehicle or on the ground of any state department property, all person Concerned in the Commission of a crime, whether present or absent, and whether they directly Commit the act Constituting the offense, aid and abet in it Commission, or directly or indirectly Counsel or procure another to commit the crime, are principals. When prison employees act pursuant to orders, policy or Regulation, the order-giver or policy maker may be the only person who Can be held liable, and following orders is not an excuse for violating the laws.

II. C. 1. Continue. 1.

EHCC-2023-25, EHCC-2023-115, EHCC-2025-163,
EHCC-2024-120, EHCC-2023-668, EHCC-2023-667,
EHCC-2025-021, EHCC-2025-039, EHCC-2025-036,
EHCC-2025-164, EHCC-2024-735, EHCC-2024-430,
EHCC-2024-369, EHCC-2023-942, EHCC-2023-884,
EHCC-2023-548, EHCC-2025-45, EHCC-2024-769,
EHCC-2024-622, EHCC-2024-493, EHCC-2024-467,
EHCC-2024-328, EHCC-2024-327, EHCC-2024-326,
EHCC-2023-962, EHCC-2023-753, EHCC-2023-344,
EHCC-2023-529, EHCC-2023-1, EHCC-2023-528,
EHCC-2023-530, EHCC-2023-360, EHCC-2023-322,
EHCC-2023-264, EHCC-2023-207, EHCC-2023-118,
EHCC-2023-111, EHCC-2025-184, EHCC-2025-103,
EHCC-2025-37, EHCC-2024-387, EHCC-2024-965,
EHCC-2024-707, EHCC-2024-578, EHCC-2024-471,
EHCC-2023-752, EHCC-2023-743, EHCC-2023-672,
EHCC-2023-666, EHCC-2023-581, EHCC-2023-586,
EHCC-2023-585, EHCC-2023-584, EHCC-2023-583,
EHCC-2023-582, EHCC-2023-581,

dCI-2022-663, dCI-2023-1250, dCI-2022-940,
dCI-2022-865, dCI-2022-864, dCI-2022-863,
dCI-2022-861, dCI-2022-862, dCI-2022-830,
dCI-2022-859, dCI-2022-795, dCI-2022-784,
dCI-2022-785, dCI-2022-787, dCI-2022-744,
dCI-2022-711, dCI-2022-686, dCI-2022-685,
dCI-2022-644, dCI-2022-637, dCI-2022-571,
dCI-2022-581, dCI-2022-678, dCI-2022-602,
dCI-2022-459, dCI-2022-428, dCI-2022-860,
dCI-2022-858, dCI-2022-857, dCI-2022-794

II. C. i. Continue. 2.
dCI-2022-698, dCI-2022-672, dCI-2022-632,
dCI-2022-601, dCI-2022-633
EHCC-2025-283, EHCC-2025-307

III. C) Additional defendants: Continue investigation - ms. landry, governor- Jeff M. landry, governor- JohnBel Edwards, secretary of state - Gary E. westcott, secretary of state - James M. Leblanc, colonel - lane, Mental Health - dr. fleming, dCT mental Health director - James devall, dCT mental Health dr. snagg, MaJoR-vime, MaJoR - darbie, MaJoR - Martin, MaJoR - wiggins, maJoR - Pierce, warden designee - Lt. Col. williamson, Medical director - dr. preJean, MaJoR - LoRi Perry, A.R.P. screening officer - M.S.Gt. d. williams, A.R.P. screening officer - M.S.GT. BouRgeois, disciplinary Chairman officer - stephanie gaines, Chaireman of disciplinary - shuas, disciplinary member - O. stevard, disciplinary member - Tyz Hanigue perry, Canteen store - M.S.GT. peterson, Mail Room - M.S.GT. - sant, Captain - Butler, Captain - parker, Captain - amardo Carter, captain - B. dattaia, captain - A.J., captain - chapman, Lt. Cracket, Lt. FRaizer, Lt. gram, Lt. fisher, Lt. Robertson, Lt. Adams, Lt. Georgetown, Lt. GReen, Lt. Kurt, Lt. Grant, Lt. LeBlunt, Lt. Vessell, Lt. FeRRis, stg. Clark, stg. wealth, stg. Henderson, stg. BRown, stg. J.J. Johnson, stg. BRooks, cadet - williams, cadet - webber, mental Health director - James dulaney, social worker - paxton Cantrell, social worker - James sparks, Clara Hodas,

V. Relief - 2. - Continue

misconduct, coercion, harassment, intimidation, extortion, mispresentation, Bribery, conspiracy, overreaching, solicitation, and exploitation Returned to plaintiff from all defendant's.

3. plaintiff is asking the Court to award nominal damage from all defendant's Violating plaintiff Civil Rights, with the Recovery of Attorney Fee's.

4. plaintiff is asking the court to award Compensatory damage for the Value of destroyed property, physical, injury, and pain, psychological damage, deprivation of privileges, injuries to the quality of an individual life, failure to accommodate serious disabilities, loss of liberty, mental anguish and personal humiliation from all defendant's.

5. plaintiff is asking the court to award punitive damage to punish the defendant's for their misconduct and to deter them and other from committing similar acts in the future. all defendant's acted Reckless, ill will, Malice, had a desire to injure with indifference to plaintiff Civil Rights.

6. plaintiff is asking the court to award Rescissory damage to Restore plaintiff to the position occupied before the defendant's wrongful acts, meaning Returning property and funds to the original owner or, if that is not possible, paying the plaintiff the monetary Value of the property.

7. plaintiff is asking the court to award irreparable damage to plaintiff for damage that can not be easily ascertained, because there is no fixed pecuniary standard of measurement.

I. Relief

8. Restitution for all co-payment medical funds force taken by EHCC medical staff members from the infirm disable adult.

9. Restitution for funds taken by EHCC Business administration for legal paper copys, stamps, envelopes, legal supplies, legal tablets, court cost, attorney fee's from the infirm disable adult.

10. Restitution for funds taken from family members that was mail to the infirm disable adult.

11 Restitution for all legal documents stolen from the infirm disable adult by dcI and EHCC staff members.

12. Restitution for the JP6 Tablets being stolen from the infirm disable adult by dcI and EHCC staff members

13 Restitution for dcI and EHCC Ranking staff members, secretary of state staff members Lieing on all ARP's Responsedent steps

14. Restitution from dcI and EHCC Ranking staff members for lieing to family members when they call concering why the infirm disable adult was force by staff members not to use the telephones, or purchase mailing material from the canteen to commuincate with family members and friends.

15 Restitution from dcI and EHCC for the stolen shoe's and cloths taken and stolen from the infirm disable adult many times.

16. Restitution from EHCC staff members for continually exposing the infirm disable adult to second hand

V. Relief - 16. Continue
mojo drug chemical smoke, herion smoke, meth
smoke, cocaine smoke, fentalyn smoke, Tobacco
smoke
17. Restitution from dct. and EHCC for exposing the
infirm disable adult to corrupted staff members

ANdRE d. COLEMAN 196583
ElAYN HUNT CORRECTIONAL CENTER
PO BOX 174, 6925 HighWAY 74,
St. GAbRiel LA 70776



CIERK OF THE united STATES
district COURT, Middle district
OF LOUISIANA, 777 FLORidA STReet,
Suite 139, BATON ROUgE, LA.
70801-1712.